UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

RICHARD CAMPBELL (A-240-443-013),

Petitioner,

v.

WARDEN, CALIFORNIA CITY DETENTION FACILITY, et al.,

Respondents.

No. 1:26-cv-04505-DAD-CSK

ORDER AND FINDINGS AND RECOMMENDATIONS

Petitioner Richard Campbell (A240-443-013), a native and citizen of Jamaica, has filed a pro se petition for writ of habeas corpus pursuant to 28 U.S.C. § 2241.[1] Petitioner was admitted to the United States on or about August 28, 2019 as a nonimmigrant B-2 visitor for pleasure with authorization to remain for a temporary period not to exceed February 27, 2020. Petitioner remained in the United States beyond February 27, 2020 without authorization. On December 26, 2025, U.S. Immigration and Customs Enforcement ("ICE") detained petitioner following his arrest for possession of a controlled substance without a prescription and driving without a license. This habeas action concerns petitioner's re-detention. For the reasons that follow, the Court recommends that respondent's motion to dismiss be granted.

[1] This matter proceeds before the undersigned pursuant to 28 U.S.C. § 636, Fed. R. Civ. P. 72, and Local Rule 302(c)(17).

## I. FACTUAL BACKGROUND

Petitioner is a citizen and native of Jamaica. (ECF No. 9 at 2, 9.) On or about August 28, 2019, petitioner was admitted to the United States as a nonimmigrant B-2 visitor for pleasure with authorization to remain for a temporary period not to exceed February 27, 2020. (Id.) Petitioner remained in the United States beyond February 27, 2020 without authorization. (Id. at 2, 9, 13.)

On February 1, 2023, petitioner was arrested for battery and cruelty toward a child, charges which were later dropped. (ECF No. 9 at 10.) On February 10, 2023, ICE served petitioner with a Notice to Appear, charging petitioner with overstaying his visa without authorization and placing petitioner in Immigration and Nationality Act ("INA") Section 240 (8 U.S.C. § 1229a) removal proceedings, which are standard removal proceedings.[2] (ECF No. 9 at 13.) Petitioner was detained by immigration authorities. On March 3, 2023, an immigration judge released petitioner from custody on a $7,500 bond. (ECF No. 9 at 26.)

On December 26, 2025, ICE re-detained petitioner after he was arrested by local law enforcement for possession of a controlled substance without a prescription and driving while his license was revoked/suspended. (ECF No. 9 at 2, 9, 10, 23-24, 29.)

On February 25, 2026, an immigration judge provided petitioner with a bond hearing. (ECF No. 1 at 5; ECF No. 9 at 33-36.) The immigration judge denied bond based on danger to the community based on petitioner's December 2025 arrest and past criminal conduct, including arrests in February 2023 and July 2024 for battery. (ECF No. 9 at 33-36.) Petitioner reserved appeal of the immigration judge's bond denial, but did not file an appeal. (Id. at 2, 36.)

Petitioner has been in continuous detention since December 26, 2025.

## II. PROCEDURAL BACKGROUND

On June 11, 2026, petitioner filed his petition for writ of habeas corpus and motion to appoint counsel. (ECF Nos. 1 and 2.) On June 24, 2026, respondents timely filed a motion to dismiss. (ECF No. 9.) Petitioner has not filed an opposition or response to the motion to dismiss.

---

[2] Removal proceedings pursuant to 8 U.S.C. § 1229a (INA § 240) are standard removal proceedings, which are different from expedited removal proceedings pursuant to 8 U.S.C. § 1225(b)(1) (INA § 235(b)(1)).

(See Docket.) Briefing is now complete.

## III. LEGAL STANDARDS

The Constitution guarantees the availability of the writ of habeas corpus "to every individual detained within the United States." Hamdi v. Rumsfeld, 542 U.S. 507, 525 (2004) (citing U.S. Const., Art I, § 9, cl. 2). "The essence of habeas corpus is an attack by a person in custody upon the legality of that custody, and . . . the traditional function of the writ is to secure release from illegal custody." Preiser v. Rodriguez, 411 U.S. 475, 484 (1973). A writ of habeas corpus may be granted to a petitioner who demonstrates that he is in custody in violation of the Constitution or federal law. 28 U.S.C. § 2241(c)(3). Historically, "the writ of habeas corpus has served as a means of reviewing the legality of Executive detention, and it is in that context that its protections have been strongest." I.N.S. v. St. Cyr, 533 U.S. 289, 301 (2001). A district court's habeas jurisdiction includes challenges to immigration detention. See Zadvydas v. Davis, 533 U.S. 678, 687 (2001).

Habeas corpus petitions are subject to summary dismissal pursuant to Rule 4 of the Rules Governing Section 2254 Cases in the United States District Court. The provisions of Rule 4, which are applicable to a petition filed pursuant to 28 U.S.C. § 2241, provide in pertinent part: "If it plainly appears from the petition and any attached exhibits that the petitioner is not entitled to relief in the district court, the judge must not dismiss the petition and direct the clerk to notify the petitioner." The Advisory Committee Notes to Rule 4 indicate that the court may dismiss a petition for writ of habeas corpus, either on its own motion under Rule 4, pursuant to respondents' motion to dismiss, or after an answer to the petition has been filed.

## IV. DISCUSSION

Generally, noncitizens are subject to civil immigration detention only if the noncitizen presents a risk of flight or danger to the community. See Zadvydas, 533 U.S. at 690 (holding that 8 U.S.C. § 1231(a)(6) does not authorize indefinite detention). Petitioner challenges his prolonged detention without a bond hearing as a violation of the Fifth Amendment procedural due process clause. (ECF No. 1 at 16-17.) Respondents contend petitioner failed to present a cognizable claim. (ECF No. 6 at 2-3.) Respondents argue petitioner is lawfully detained under

8 U.S.C. § 1226(a); he failed to exhaust his administrative remedies where he did not appeal the immigration judge's denial of bond; and his detention is not prolonged where he received a bond hearing while he was detained and a hearing has been scheduled in immigration court in the underlying removal proceedings. (Id. at 2-5.)

**A. Statutory Basis for Detention**

The Court agrees that petitioner is being detained pending removal proceedings under 8 U.S.C. § 1226(a). (See ECF No. 9 at 2.) 8 U.S.C. § 1226 governs the arrest, detention, and release of noncitizens like petitioner who are in removal proceedings. 8 U.S.C. § 1226; see also Demore v. Kim, 538 U.S. 510, 530 (2003). Under § 1226(a), the Department of Homeland Security ("DHS") has discretionary authority to detain a noncitizen, release them on bond, or release them on conditional parole pending removal proceedings. This discretionary authority does not apply to noncitizens who fall within the criminal categories described in § 1226(c), for whom detention is mandatory.

When a noncitizen is taken into immigration custody under § 1226(a), ICE makes an initial custody determination, which may include setting bond. 8 C.F.R. § 236.1(c)(8). A detainee may then request a bond redetermination hearing before an immigration judge. 8 C.F.R. § 236.1(d)(1). At that hearing, the detainee bears the burden of demonstrating to the immigration judge that the detainee warrants release on bond. See In re Guerra, 24 I. & N. Dec. 37, 40 (BIA 2006). The immigration judge must consider whether the detainee "is a threat to national security, a danger to the community at large, likely to abscond, or otherwise a poor bail risk." Id. (citing Matter of Patel, 15 I. & N. Dec. 666 (BIA 1976)). The immigration judge may also weigh other discretionary factors. Id.

If the immigration judge denies bond, the detainee may appeal to the BIA. 8 C.F.R. § 236.1(d)(3). If the BIA affirms, the detainee may seek habeas relief in federal district court. Leonardo v. Crawford, 646 F.3d 1157, 1159-61 (9th Cir. 2011). While district courts have jurisdiction to review bond determinations for constitutional error, Rodriguez Diaz v. Garland, 53 F.4th 1189, 1209 (9th Cir. 2022), district courts may not review discretionary judgments regarding the detention and release of noncitizens in removal proceedings under § 1226(a).

8 U.S.C. § 1226(e).

Further, an individual detained pursuant to § 1226(a) may request an additional bond hearing whenever he experiences a material change in circumstances. See 8 C.F.R. § 1003.19(e).

**B. Due Process Claim**

Petitioner's due process claim challenging his prolonged detention without a bond hearing fails because petitioner received a bond hearing before an immigration judge. See, e.g., Rodriguez Diaz v. Garland, 53 F.4th 1189, 1207 (9th Cir. 2022) (finding no due process violation where petitioner detained over sixteen months pursuant to § 1226(a) had received a bond hearing and a further bond hearing before an immigration judge was available to him upon a showing of materially changed circumstances); see also Prieto-Romero v. Clark, 534 F.3d 1053, 1068 (9th Cir. 2008) (finding no due process violation where petitioner detained for three years under § 1226(a) "received a bond hearing that afforded him an individualized determination of the government's interest in his continued detention by a neutral decisionmaker"). As discussed above, an immigration judge held a bond hearing and issued an order denying bond on February 25, 2026. (See ECF No. 1 at 5; ECF No. 9 at 2, 33-36.) Though petitioner reserved appeal of the immigration judge's bond denial, petitioner did not appeal. (ECF No. 9 at 2, 36.) To the extent petitioner seeks a second bond hearing, an individual detained pursuant to § 1226(a) may request an additional bond hearing whenever he experiences a material change in circumstances. See 8 C.F.R. § 1003.19(e). Petitioner also does not assert that the bond hearing was constitutionally inadequate. (See ECF No. 1.) Petitioner received the process he was due where he received an individualized bond determination by an immigration judge, who denied bond based on danger to the community. The Court therefore recommends denying the due process claim.

**C. Exhaustion of Administrative Remedies**

Respondents argue that petitioner failed to exhaust administrative remedies where he reserved appeal but did not appeal the immigration judge's February 25, 2026 order denying his request for bond. (ECF No. 9 at 3-5.) To the extent the petition is construed to challenge the denial of bond or raise a statutory INA claim, this Court agrees that petitioner failed to exhaust administrative remedies.

28 U.S.C. § 2241 "does not specifically require petitioners to exhaust direct appeals before filing petitions for habeas corpus." Laing v. Ashcroft, 370 F.3d 994, 997 (9th Cir. 2004). However, "[a]s a prudential matter, courts require that habeas petitioners exhaust all available judicial and administrative remedies before seeking relief under § 2241." Ward v. Chavez, 678 F.3d 1042, 1045 (9th Cir. 2012). Because exhaustion is not required by statute, it is not jurisdictional. Brown v. Rison, 895 F.2d 533, 535 (9th Cir. 1990), overruled on other grounds by Reno v. Koray, 515 U.S. 50, 54-55 (1995) (citing Morrison-Knudsen Co., Inc. v. CHG Int'l, Inc., 811 F.2d 1209, 1223 (9th Cir. 1987)). If a petitioner has not properly exhausted his claims, the district court, in its discretion, may "determine whether to excuse the faulty exhaustion and reach the merits or require the petitioner to exhaust his administrative remedies before proceeding in court." Id. "Courts may require prudential exhaustion if (1) agency expertise makes agency consideration necessary to generate a proper record and reach a proper decision; (2) relaxation of the requirement would encourage the deliberate bypass of the administrative scheme; and (3) administrative review is likely to allow the agency to correct its own mistakes and to preclude the need for judicial review." Puga v. Chertoff, 488 F.3d 812, 815 (9th Cir. 2007) (internal citation and quotation marks omitted). However, the court may waive the exhaustion requirement when administrative remedies are inadequate, irreparable injury may occur without immediate judicial relief, or exhaustion otherwise would be futile. Laing, 370 F.3d at 1000-01 ("[D]istrict court's habeas jurisdiction under 28 U.S.C. § 2241 is ordinarily reserved for instances in which no other judicial remedy is available.").

This Court agrees that petitioner failed to exhaust administrative remedies as to a challenge to the immigration judge's denial of bond. In Leonardo v. Crawford, 646 F.3d 1157 (9th Cir. 2011), the petitioner was a noncitizen held in immigration detention pursuant to 8 U.S.C. § 1226(a) and filed a petition for writ of habeas in the federal district court under 28 U.S.C. § 2241, alleging that his prolonged detention without a bond hearing violated his due process rights. See Leonardo, 646 F.3d at 1159. The district court entered an order directing respondent to hold a bond hearing consistent with the requirements set forth in Casas-Castrillon v. Department of Homeland Security, 535 F.3d 942 (9th Cir. 2008), and refrained from entering

judgment on the habeas corpus petition until respondents had reported to the court that such a hearing had been held. See Leonardo, 646 F.3d at 1159. Respondents complied with the order and an Immigration Judge held a bond hearing, at which he denied bond upon finding petitioner was a danger to the community. See id. The petitioner did not appeal this determination to the BIA but instead filed in the district court in his pending habeas corpus proceeding a motion for the court to review and reverse the Immigration Judge's bond order, arguing that the bond hearing did not conform to the court's prior order nor satisfy due process. Id. The Ninth Circuit held that the petitioner's request should have been denied, and his underlying claim dismissed without prejudice, due to his failure to exhaust administrative remedies by seeking review of the bond decision to the BIA. See id. at 1160. The Ninth Circuit explained that the statutory and regulatory scheme of § 1226(a)

> entitle[s] [detainees] to a bond hearing before an immigration judge. If they are dissatisfied with the IJ's bond determination, they may file an administrative appeal so that "the necessity of detention can be reviewed by ... the BIA." If they remain dissatisfied, they may file a petition for habeas corpus in the district court.

Id. (citations omitted). As such, it was "improper" for petitioner to employ the "short cut" of seeking review of the immigration judge's bond decision in the district court before seeking review in the BIA. See id. Instead, petitioner "should have exhausted administrative remedies by appealing to the BIA before asking the federal district court to review the immigration judge's decision" and "[o]nce the BIA rendered its decision, [petitioner] could have properly pursued habeas relief in the district court and the district court's decision would have been subject to review in this court." Id. Because petitioner had not shown that his request should be excused from the prudential exhaustion requirement, nor that the proceeding should be stayed to permit him to exhaust the new claim, the Ninth Circuit held that the petition should be dismissed without prejudice due to petitioner's failure to exhaust his claim challenging the adequacy of the bond determination. See id. at 1160-61.

In the instant action, petitioner did not seek review of the immigration judge's February 25, 2026 decision. Petitioner fails to show why he should be excused from the prudential exhaustion requirement regarding such a claim. Accordingly, to the extent the petition is

construed to challenge the denial of bond or raise a statutory INA claim, the petition should be dismissed.

**V. MOTION FOR APPOINTMENT OF COUNSEL**

Petitioner filed a motion for appointment of counsel. (ECF No. 2.) There currently exists no absolute right to appointment of counsel in habeas proceedings. See Nevius v. Sumner, 105 F.3d 453, 460 (9th Cir. 1996). Under 18 U.S.C. § 3006A, the court can appoint counsel at any stage of the case "if the interests of justice so require." See Rule 8(c), Fed. R. Governing § 2254 Cases. The Court concludes that the interests of justice do not require appointment of counsel, and petitioner's motion for appointment of counsel is denied without prejudice.

**VI. CONCLUSION**

Accordingly, IT IS HEREBY ORDERED that petitioner's motion for appointment of counsel (ECF No. 2) is denied without prejudice.

Further, IT IS HEREBY RECOMMENDED that:

1. Respondent's motion to dismiss (ECF No. 9) be GRANTED.
2. The petition for writ of habeas corpus (ECF No. 1) be DENIED as to the due process claim, and DISMISSED to the extent the petition raises a challenge to the denial of bond or raises a statutory INA claim.
3. The Clerk of the Court be directed to enter judgment in favor of respondents and close this case.

These findings and recommendations are submitted to the United States District Judge assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(l). Within **14 days** of the date of these findings and recommendations, any party may file written objections with the court and serve a copy on all parties. Such a document should be captioned "Objections to Magistrate Judge's Findings and Recommendations." Any response to the objections shall be filed and served within **seven** days after service of the objections. The parties are advised that failure to

///

///

///

file objections within the specified time may waive the right to appeal the District Court's order. See Martinez v. Ylst, 951 F.2d 1153 (9th Cir. 1991).

Dated: July 27, 2026

CHI SOO KIM
UNITED STATES MAGISTRATE JUDGE

csk/camp.4505.26.imm.frs